ORIGINAL

FILED IN CLERK'S OFFICE
U S D C  Atlanta

**OCT 2 6 2006**

JAMES N HATTEN, Clerk
By _Jwuncky_ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) COMMISSION, ) ) Plaintiff, ) ) v. ) ) ) ) COMCAST of GEORGIA, INC. ) ) Defendant ) ) | **WSD** CIVIL ACTION NO. **1 06 CV 2595** **COMPLAINT** **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act of 1967 and Title VII of the Civil Rights Act of 1964, as amended, to correct unlawful discriminatory employment practices on the basis of age and sex, and to provide appropriate relief to Ray Roper who was adversely affected by such practices. The Commission alleges that, beginning in January 2004, Defendant, Comcast of Georgia, Inc., failed to hire Ray Roper for four dispatcher positions for which he applied and

was qualified, based on his age, then 57, and his sex, male. Instead, Defendant hired females who were substantially younger than Roper.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217; and Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII").

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and Title VII, and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C.

§ 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705; and by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Delaware Corporation doing business in the State of Georgia and has continuously maintained at least twenty-five (25) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h); and Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g), and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, Ray Roper filed

a charge with the Commission alleging violations of the ADEA and Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

### Age Discrimination Claim

8. Since at least January 2004, the Defendant has engaged in unlawful employment practices at its facility located in Norcross, Georgia, in violation of Section 623(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1). These practices include failing to hire Ray Roper because of his age, 57.

9. The effect of the practices complained of in paragraph 8, above, has been to deprive Roper of equal employment opportunities and otherwise adversely affect his employment status because of his age.

10. The unlawful employment practices complained of in paragraph 8, above, were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

### Sex Discrimination Claim

11. Since at least January 2004, the Defendant has engaged in unlawful employment practices at its facility located in Norcross, Georgia, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). The practices include failing to hire Ray Roper because of his sex, male.

12. The effect of the practices complained of in paragraph 11, above, has been to deprive Ray Roper of equal employment opportunities and otherwise adversely affect his employment status because of his sex.

13. The unlawful employment practices complained of in paragraph 11, above, were and are intentional.

14. The unlawful employment practices complained of in paragraph 11, above, were done with malice and/or reckless indifference to the federally protected rights of Ray Roper.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in and any other employment practice which discriminates on the basis of age, against individuals 40 years of age and older, and which discriminates on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and males, and which eradicate the effects of its past and present

unlawful employment practices.

C.  Grant a judgment requiring Defendant Employer to pay to Ray Roper appropriate back wages in an amount to be determined at trial, an equal sum in liquidated damages, and prejudgment interest.

D.  Order Defendant Employer to make whole all individuals adversely affected by the unlawful practices described in paragraph 8, above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to the rightful-place hiring of and/or front pay for Ray Roper.

E.  Order Defendant Employer to make whole Ray Roper who was adversely affected by Defendant's discriminatory employment practices described in paragraph 11, above, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay and/or rightful-place hiring of Ray Roper.

F.  Order Defendant Employer to make whole Ray Roper by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 11, above, such as job search expenses, in amounts to be determined at trial.

G.   Order Defendant Employer to make whole Ray Roper by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in paragraph 11, above, including emotional pain and suffering, anxiety, stress, inconvenience, and humiliation, in amounts to be determined at trial.

H.   Order Defendant Employer to pay Ray Roper punitive damages for its malicious or reckless conduct described in paragraph 11, above, in amounts to be determined at trial.

I.   Grant such further relief as the Court deems necessary and proper in the public interest.

J.   Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Oct 26, 2006
Date

Robert K. Dawkins (MI Bar No. P38289)
Regional Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Atlanta District Office
100 Alabama Street SW, Suite 4R30
(404) 562- 6818 - direct
(404) 562- 6923 - general
(404) 562- 6905 - facsimile